UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KULJEET SINGH,<br>Petitioner,<br>v.<br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br>Respondents. | CASE NO. C26-1614JLR<br>ORDER |

## I. INTRODUCTION

Before the court is *pro se* Petitioner Kuljeet Singh's motion to enforce order. (Mot. (Dkt. # 17).) Petitioner moves the court to (1) order his release from the Northwest Immigration and Customs Enforcement ("ICE") Processing Center and transfer him to state custody to attend a criminal hearing and (2) prohibit the Government[1] from

[1] The Federal Respondents are the United States Department of Homeland Security, the ICE Seattle Field Office Director, and Acting Director of ICE David Venturella (together, the "Government").

re-detaining him going forward. (*Id*. at 4.) The Government did not respond to the motion. (*See generally* Dkt.) Petitioner did not file a reply. (*Id*.) The court has considered the motion, the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES the motion.

## II. BACKGROUND

The court set forth the relevant procedural history and factual background of this matter in its prior order and repeats that background only to the extent necessary to address Petitioner's motion. (*See* 7/20/26 Order (Dkt. # 15) at 2-3.) On May 13, 2026, Petitioner filed a petition for a writ of habeas corpus seeking his immediate release or, alternatively, transfer to the custody of state or local authorities to attend his pending state criminal trial in Thurston County, Washington. (*See generally* Pet. (Dkt. # 6).) On July 20, 2026, the court denied the petition, holding that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) and that he failed to allege a cognizable habeas claim. (*See generally* 7/20/26 Order.)

The court further advised Petitioner that, although federal courts may issue writs of habeas corpus for the purpose of prosecuting an individual in federal custody, such issuance requires a formal request from the state prosecutorial authorities or the state court system. (*Id.* at 6.) Thus, because neither the Thurston County Prosecutor's Office nor the Thurston County Superior Court submitted a formal request, the court reasoned that Petitioner lacked a legal basis for relief. (*Id*. (citing *Soriano Neto v. Choate*, No. 25-CV-00425 MSM-AEM, 2025 WL 2969178, at *1 (D.R.I. Oct. 21, 2025).)

On August 7, 2026, Petitioner filed the instant motion again requesting his immediate release or transfer to state custody to attend his criminal proceedings. (*See generally* Mot.) The court considers the motion to be fully briefed and ripe for consideration.

## III. ANALYSIS

Habeas petitioners must provide by a preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Petitioner asserts that the Government violated his Fifth and Eighth Amendment rights by re-detaining him following his release on bond by the state court, and by preventing his attendance at his state court hearings. (Mot. at 2-3.) Because Petitioner merely restates the arguments raised in his original petition, the court incorporates by reference the reasoning from its prior order. (7/20/26 Order at 6-7.) Specifically, the court determines that Petitioner fails to state a cognizable habeas claim and has demonstrated neither an entitlement to immediate release nor compliance with the procedural predicates required for this court to issue a writ compelling his attendance at his state court hearings. Petitioner has failed to show that he is in custody in violation of the laws of the United States. Accordingly, the court denies his request for relief.

//

//

//

//

## IV. CONCLUSION

For the foregoing reasons, the court DENIES the motion to enforce (Dkt. # 17).

Dated this 16th day of September, 2026.

JAMES L. ROBART
United States District Judge